IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

JAMES CURTIS,                                    :

                                                 :        CIVIL ACTION

      Plaintiff,                                 :

                                                 :        FILE NO. 2014CV241583

vs.                                              :

                                                 :

METROPOLITAN PROPERTY AND                        :

CASUALTY INSURANCE COMPANY,                      :

                                                 :

      Defendant.                                 :



FILED IN OFFICE

JAN 2 1 2014

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

## COMPLAINT

COMES NOW Plaintiff James Curtis, by and through his counsel, and files this Complaint against Defendant Metropolitan Property and Casualty Insurance Company in the above-captioned matter. In support of this Complaint, Plaintiff respectfully shows this Honorable Court the following:

1.

Metropolitan Property and Casualty Insurance Company (hereinafter "Metlife") is and was an insurance company and a foreign corporation authorized to conduct business in Georgia with a registered agent for service of process in Fulton County, Georgia, to wit: CT Corporation Systems, 1201 Peachtree St, NE, Atlanta, Fulton County, Georgia.

2.

Plaintiff James Curtis (hereinafter "Plaintiff"), is seeking damages in excess of $10,000, and is a resident of the State of Georgia .

SERVICE COPY

3.

By virtue of the aforesaid facts, Metlife is subject to the jurisdiction and venue of the Superior Court of Fulton County, Georgia.

4.

Plaintiff, who is 78 years old, owned the property located at 2981 Hidden Forrest Ct., Marietta, Georgia, 30066 (hereinafter "the Property") since 1977 and for all relevant times hereto.

5.

Plaintiff insured the Property through Metlife since 1977, never missing a premium payment. Upon information and belief, the policy on the Property was # 3048095242 for all relevant times hereto.

6.

Upon information and belief, Plaintiff has never received a physical, written policy from Metlife for the Property.

7.

Until approximately 2005, the Property was Plaintiff's primary residence.

8.

Until approximately 2005, the Property was insured by what Plaintiff understood was a Metlife policy specifically for primary residences, and the policy was to cover losses occurring at the Property.

9.

In approximately 2005, Plaintiff moved from the Property to his current residence in Peachtree City, Georgia.

10.

At or near the time he moved, Plaintiff notified Metlife that he would be renting the Property to tenants. He was then informed by Metlife that his policy would be changed to a policy specifically for rental properties. Metlife did not provide any policies to Plaintiff at that time, and Plaintiff was not informed of any specific changes to the terms of his policy.

11.

Plaintiff continued to pay his insurance premiums.

12.

In April of 2008, Plaintiff had a lawnmower and pool pump stolen from the Property. At the time, no one had been residing in the property for thirty (30) days or longer.

13.

When Plaintiff learned of the theft, he called Metlife and alerted them of the theft and informed them that no one was residing at the property. Metlife acknowledged the claim (Metlife Claim # JDA08097EB) and sent an adjuster to meet Plaintiff at the Property.

14.

Plaintiff met the Metlife adjuster at the Property and together they inspected the Property. It was obvious that no one was residing at the Property.

15.

Metlife paid Plaintiff approximately $1,345.10 for claim # JDA08097EB without reserving any rights.

16.

In April of 2009, Plaintiff discovered that the Property was damaged due to recent hail storm. At the time, no one had been residing in the property for thirty (30) days or longer.

17.

When Plaintiff learned of the damage, he called Metlife and alerted them of the damage and informed them that no one was residing at the property. Metlife acknowledged the claim (Metlife Claim # CHE23558) and sent an adjuster to meet Plaintiff at the Property.

18.

Plaintiff met the Metlife adjuster at the Property and together they inspected the Property. It was obvious that no one was residing at the Property.

19.

Metlife paid Plaintiff approximately $913.45 for claim # CHE23558 without reserving any rights.

20.

In March of 2011, Plaintiff had several items stolen from the Property, including copper wiring from his A/C unit, a TV and TV mount, pool-related items, clothes, shoes, and other miscellaneous items. At the time, no one had been residing in the property for thirty (30) days or longer.

21.

When Plaintiff learned of the theft, he called Metlife and alerted them of the theft and informed them that no one was residing at the property. Metlife acknowledged the claim (Metlife Claim # JDB07963 7D) and sent an adjuster to meet Plaintiff at the Property.

22.

Plaintiff met the Metlife adjuster at the Property and together they inspected the Property. It was obvious that no one was residing at the Property.

23.

Metlife paid Plaintiff over $9,400 for claim # JDB07963 7D without reserving any rights.

24.

On or about January 22, 2013, the Property was completely destroyed by fire.

25.

The initial investigation by Cobb County Fire & Emergency Services as to the cause of the fire was inconclusive or undetermined.

26.

Once Plaintiff learned of the fire, he called Metlife and alerted them of the fire and informed them that no one was residing at the property. Metlife acknowledged the claim (Metlife Claim # JDD19712 6Y).

27.

Metlife caused for their own investigation of the fire to be conducted. Metlife retained David H. Smith & Associates to inspect the remains of the burned house. David H. Smith & Associates concluded that the fire was incendiary and intentionally set.

28.

Citing "Endorsement HP33000904," Metlife sent Plaintiff a "Reservation of Rights" letter dated

February 13, 2013, indicating the following language which was purportedly from Plaintiff's policy on the

Property:

3.    We do not cover loss or damage to the property described in Coverage A and Coverage
      B which results directly or indirectly from any of the following:

      K.    vandalism or malicious mischief or breakage of glass and safety glazing materials,
            and any loss caused by any act committed in the course of vandalism or malicious
            mischief including any ensuing loss or fire, if the residence was vacant for more than
            30 consecutive days immediately prior to the loss. ...

29.

Based on the foregoing "vacancy exclusion," as well as other language, including a purported

requirement that any waiver of policy provisions on behalf of Metlife must be in writing, Metlife denied

coverage for Plaintiff's fire claim (Claim # JDD19712 6Y). As of January 2013, the policy on the Property

(Policy # 3048095242) included the following limits:

    $461,300 for dwelling;

    $92,260 for private structures; and

    $115,325 for personal property.

30.

Prior to the January 22, 2013, loss, Plaintiff had never received a policy containing any of the

aforesaid exclusionary language and was not aware that any such language was purportedly contained within

the policy on the Property. Moreover, Plaintiff had not received any new policies, policy language, or policy endorsements from April 2008 to January 2013.

31.

Metlife continued to collect premiums via a direct bank draft from Plaintiff under policy # 3048095242 through approximately June 2013, despite there not being a structure on the Property that was habitable. As of January 2013, Plaintiff's annual premium on the Property was approximately $2,347.

32.

Plaintiff has complied with all provisions of the above-described policy both subsequent and precedent, including timely notice.

## COUNT I.

## BREACH OF CONTRACT

33.

Plaintiff adopts and realleges paragraphs 1 - 32 of this Complaint as if fully set forth herein.

34.

Metlife has materially breached Policy # 3048095242 for the loss incurred by Plaintiff due to the fire which completely destroyed the Property on January 22, 2013, by failing to fully indemnify Plaintiff for the total loss to the Property under the terms of Policy # 3048095242 issued by Metlife to Plaintiff and in force and effect on January 22, 2013, and in such further manner as hereafter may be ascertained by Plaintiff.

35.

As a direct and proximate result of Metlife's material breach of insurance contract as alleged herein, Plaintiff has suffered and sustained damages in an amount according to proof for the actual cash value of the Property, including any private structures and personal property as contemplated by the subject policy, as well as those damages contemplated by the applicable provisions of Georgia law.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in money damages in excess of $10,000 and costs of Court. Plaintiff demands a trial by jury. Plaintiff requests that this Court grant such other and further relief as is just and appropriate.

## COUNT II.

### WAIVER AND/OR ESTOPPEL

36.

Plaintiff adopts and realleges paragraphs 1 - 34 of this Complaint as if fully set forth herein.

37.

Based on the prior actions and knowledge of Defendant, including acknowledging and paying on previous claims by Plaintiff for loss caused by theft, burglary, or vandalism, without reserving rights, when Defendant knew or should have known that the Property was vacant or unoccupied for thirty (30) or more at the time previous claims as identified herein were made, Defendant has waived its right to demand strictly compliance with the terms of the subject policy and/or is estopped from demanding strictly compliance with the terms of the subject policy.

38.

As a direct and proximate result of Metlife's failure to strictly comply with the terms of the subject policy, Plaintiff has suffered and sustained damages in an amount according to proof for the actual cash value of the Property, including any private structures and personal property as defined by the subject policy, as well as those damages contemplated by the applicable provisions of Georgia law.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in money damages in excess of $10,000 and costs of Court. Plaintiff demands a trial by jury. Plaintiff requests that this Court grant such other and further relief as is just and appropriate.

## COUNT III.

### BAD FAITH

39.

Plaintiffs adopt and reallege paragraphs 1 - 38 of this Complaint as if fully set forth herein.

40.

The actions on the part of Defendant, in failing to provide coverage for Plaintiff's January 22, 2013, loss, have been performed in bad faith, as contemplated by O.C.G.A. Section 13-6-11.

41.

Plaintiff has suffered damages due to Defendant's bad faith.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in money damages in excess of $10,000 and costs of Court. Plaintiff demands a trial by jury. Plaintiff requests that this Court grant such other and further relief as is just and appropriate.

This _____ 21ˢᵗ _____ day of January, 2014.

Respectfully submitted,

WEBB, WADE & TAYLOR, LLC

James H. Webb, Jr.
Bar No. 744275
Brandon R. Taylor
Bar No. 108752
Jordan M. Jewkes
Bar No. 940491

*Attorneys for Plaintiff*
400 Westpark Ct. - Ste. 220
Peachtree City, Georgia 30269
Telephone: (770) 631-1811
Fax: (770) 631-1771

SERVICE COPY



IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
SUMMONS

| | | |
|---|---|---|
| **JAMES CURTIS,** | ) | Case No.: 2014CV241583 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| **METROPOLITAN PROPERTY AND** | ) | |
| | ) | |
| **CASUALTY INSURANCE COMPANY,** | ) | |
| Defendant | ) | |

TO THE ABOVE NAMED DEFENDANT: METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY
c/o Registered Agent: CT Corporation Systems
1201 Peachtree Street, NE, Atlanta, Fulton County, Georgia 30361

You are hereby summoned and required to file with the Clerk of said Court and serve upon plaintiff's attorney, whose name and address is: **James H. Webb, Jr. - GA Bar No. 744275**
**Brandon R. Taylor   - GA Bar Bo. 108752**
**Jordan M. Jewkes   - GA Bar No. 940491**
**WEBB, WADE & TAYLOR, LLC**
**400 Westpark Court, Suite 220**
**Peachtree City, Georgia 30269**
**(770) 631-1811**
**(770) 631-1771 (FAX)**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This 21ˢᵗ day of January, 2014.

SERVICE COPY

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
BY _____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of Summons, Complaint, Plaintiff's First Interrogatories To Defendant, Plaintiff's First Production Requests To Defendant, and Certificate Of Service Of Discovery Material was served upon you  on:

_____, 2014

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

 CT Corporation

**Service of Process Transmittal**
01/21/2014
CT Log Number 524254977

TO:     Bethanne Lee
        MetLife Auto & Home
        700 Quaker Lane, Law Department Area 2C
        Warwick, RI 02886-

RE:     **Process Served in Georgia**

FOR:    Metropolitan Property and Casualty Insurance Company (Domestic State: RI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | James Curtis, Pltf. vs. Metropolitan Property and Casualty Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Summoned, Complaint, First Continuing Interrogatories, First Continuing Request |
| **COURT/AGENCY:** | Fulton County Superior Court, Fulton, GA<br>Case # 2014CV241583 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed for damages regarding property |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Atlanta, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/21/2014 at 15:12 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of summons, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | James H. Webb<br>Webb, Wade & Taylor, LLC<br>400 Westpark Ct.<br>Ste. 220<br>Peachtree City, GA 30269<br>770-631-1811 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/22/2014, Expected Purge Date: 01/27/2014<br>Image SOP<br>Email Notification, CTServiceof Process mah_sop@metlife.com<br>Email Notification, Bethanne Lee blee5@metlife.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Tyeasha Harris<br>1201 Peachtree Street, N.E.<br>Suite 1240<br>Atlanta, GA 30361<br>404-965-3840 |

Page 1 of  1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

JAMES CURTIS                          )
                                      )
                    Plaintiff,        )     CIVIL ACTION
          V.                          )     FILE NUMBER: 2014CV241583
                                      )     FILED IN OFFICE
METROPOLITAN PROPERTY AND             )
CASUALTY INSURANCE COMPANY,           )
                                      )          JAN 2 1 2014
                    Defendant.        )
                                            DEPUTY CLERK SUPERIOR COURT
                                                 FULTON COUNTY, GA

## CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL

Pursuant to Uniform Superior Court Rule 5.2, James Curtis, Plaintiff in the above-named action, shows that the following documents have been served with the Complaint, as a part of the original discovery in the case pursuant to O.C.G.A. 9-11-29.1(a)(3):

1.    Plaintiff's First Interrogatories To Defendant; and

2.    Plaintiff's First Request For Production Of Documents To Defendant.

This 21st day of January, 2014.

WEBB, WADE & TAYLOR, LLC

James H. Webb, Jr.
Bar No. 744275
Brandon R. Taylor
Bar No. 108752
Jordan M. Jewkes
Georgia Bar No. 940491
*Attorneys for Plaintiff*

# SERVICE COPY



WEBB, WADE & TAYLOR, LLC
400 Westpark Court, Suite 220
Peachtree City, Georgia 30269
(770) 631-1811 (Telephone)
(770) 631-1771 (Facsimile)

2